IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

| | : | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| *Plaintiff-Appellee*, | : | |
| v. | : | |
| PENTAGON CAPITAL MANAGEMENT PLC and LEWIS CHESTER, | : | No. 12-1680 |
| *Defendants-Appellants*, | : | |
| PENTAGON SPECIAL PURPOSE FUND, LTD., | : | |
| *Relief Defendant.* | : | |

_____

OPPOSITION TO MOTION TO STAY THE MANDATE PENDING THE
FILING OF A PETITION FOR A WRIT OF CERTIORARI
IN THE SUPREME COURT

The Securities and Exchange Commission, appellee, opposes the motion of Pentagon Capital Management PLC ("PCM") and Lewis Chester (collectively, "Appellants") to stay the issuance of the mandate in this case. Appellants move for a stay to seek review in the Supreme Court of this Court's decision affirming their liability for securities fraud. But Federal Rule of Appellate Procedure 41 provides that such a motion must show that a petition for a writ of certiorari would present a substantial question and that there is good cause for a stay. Appellants' motion makes neither showing. Indeed, there is good cause to deny the motion.

1. Appellants attempt to manufacture a circuit split that would create a substantial question in their petition for certiorari by claiming that this Court's opinion "is in conflict with the decision by the Seventh Circuit Court of Appeals in *Fulton County Employees Retirement System v. MGIC Investment Corporation*, 675 F.3d 1047 (7th Cir. 2012)." Motion at 4. In *Fulton*, the Seventh Circuit held that, in light of the Supreme Court's decision in *Janus Capital Group v. First Derivative Traders*, 131 S.Ct. 2296 (2011), a person who invites another person to speak cannot be considered the "maker" of the speaker's statements because he does not have ultimate authority over the statements. That holding is inapposite here. Appellants did not invite anyone to speak; they late-traded mutual funds. And, contrary to Appellants' argument that their broker "controlled 'how' a trade was placed and the 'content' of that trade" (Motion at 3), this Court held that Appellants "retained ultimate control over both the content of the communication and the decision to late trade." Opinion at 17. That holding is not in conflict with *Fulton*.

Appellants also purport to raise a substantial question by claiming that this Court's opinion "ignores long-standing Second Circuit law regarding the purpose and scope of disgorgement" and "misconstrue[s] recent Second Circuit law regarding joint and several liability." Motion at 5, 6. But this Court relied on its prior precedents in affirming the district court's decision to hold Appellants jointly

2

and severally liable with relief defendant Pentagon Special Purpose Fund, Ltd. ("PSPF") for the amount of PSPF's profits. Opinion at 20-21. Appellants do not explain in what way these precedents are inconsistent with this Court's opinion or, if so, how that inconsistency would present a substantial question for the Supreme Court.

2.   Appellants also fail to demonstrate good cause for staying the mandate. They argue that the mandate should be stayed because it "makes little sense to conduct [further hearings on the civil penalty] until after the Supreme Court decides Appellants' petition, since it may grant certiorari and reverse the entire case." Motion at 8. But this is no reason for staying the mandate. After its issuance, Appellants may request that the district court postpone its reconsideration of the civil penalty until after the Supreme Court considers its petition for certiorari. The mandate does not need to be stayed for the district court to defer reconsideration of penalties until after the Supreme Court rules on a petition for certiorari.

3.   Not only do Appellants fail to show good cause for a stay of the mandate, good cause exists for denying their motion. On May 23, 2012, this Court denied Appellants' motion to stay the district court's judgment without bond pending appeal. Accordingly, collection proceedings have been ongoing, both in the United States and in the courts of the United Kingdom, where both Appellants

have property and where appellant Lewis Chester resides. 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 2905, at 724 (3d ed. 2012) ("In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment."). The Commission opposes staying the mandate because it is concerned that Appellants could use a stay of the mandate to argue that the ongoing proceedings to collect the disgorgement amount should be suspended or delayed until after the resolution of the petition for certiorari. Such an argument would be meritless because issuance of the mandate should have no effect on collection proceedings that were not stayed pending resolution of Appellants' appeal. Nonetheless, Appellants have consistently sought to delay the collection proceedings, and they could use a stay of the mandate to seek further delay.

    Indeed, those collection proceedings involve the Commission's intervention in appellant PCM's bankruptcy proceeding in the United Kingdom in order to have the Commission's claims recognized there. *In the Matter of Pentagon Capital Management PLC*, No.5246 of 2012, Order (Oct. 7, 2013 High Court of Justice, Chancery Division, Companies Court). Appellants might be able to use a stay of the mandate to make a facially plausible, albeit meritless, argument that the Commission's claims in PCM's bankruptcy proceeding should not be recognized until after the resolution of their petition for certiorari. It is possible that a UK

court, unfamiliar with the mandate's purpose, could view a stay of the mandate as a reason to delay recognition of the Commission's claims.

    4.    If the Court does grant Appellants' motion and stay the mandate, we request that the Court specify in its order that the stay does not affect the Commission's ability to proceed with its ongoing collection efforts, including through PCM's bankruptcy in the United Kingdom. As noted above, the mandate has no effect on the collection proceedings. "The mandate's purpose . . . is to notify the lower court or administrative agency that the court of appeals has decided the appeal, what it has decided, and what the lower court or agency must do in response to this decision. Upon receipt of the mandate, the jurisdiction of the lower court or agency revives and it proceeds with such actions as the mandate requires." DAVID G. KNIBB, FEDERAL COURT OF APPEALS MANUAL § 34:11 (6th ed.); *see also* 16AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE JURISDICTION § 3987, at 612-615 (4th ed. 2008) (same). Accordingly, a stay of the mandate would prevent the district court from reconsidering the civil penalty, but collection proceedings should continue because the disgorgement order was not stayed pending Appellants' appeal. In light of Appellants' repeated attempts to delay collection proceedings, however, the Commission requests that, if the Court grants their motion, the Court state this explicitly.

5

For the reasons set forth above, this Court should deny Appellants' motion.

        Respectfully submitted,

        JOHN AVERY
        Deputy Solicitor

        SUSAN S. McDONALD
        Senior Litigation Counsel

        */s/ Benjamin L. Schiffrin*
        BENJAMIN L. SCHIFFRIN
        Senior Litigation Counsel

        Securities and Exchange Commission
        100 F Street, N.E.
        Washington, D.C.  20549-9040
        (202) 551-5003 (Schiffrin)

January 3, 2014