IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff-Appellee*,<br>v.<br><br>PENTAGON CAPITAL MANAGEMENT PLC and LEWIS CHESTER,<br>    *Defendants-Appellants*,<br><br>PENTAGON SPECIAL PURPOSE FUND,<br>    *Relief Defendant*. | No. 12-1680-cv |

**REPLY TO SEC'S OPPOSITION TO MOTION TO STAY THE MANDATE FOR NINETY DAYS PENDING THE FILING OF A PETITION FOR A WRIT OF CERTIORARI IN THE SUPREME COURT**

In reply to the SEC's opposition, Appellants state:

1.  Appellants consent to the SEC's request (Opp. at 5) that this Court, in granting the motion, specify that the stay does not affect the SEC's ability to proceed with collection efforts in the United Kingdom. The SEC has claimed no other prejudice that it would suffer if this motion were granted.

2.  The SEC's Opposition rests largely on the erroneous assertion that Appellants' arguments for Supreme Court review are without merit. To the contrary, Appellants will ask the Supreme Court to resolve an important conflict between this Circuit's ruling in this case and the recent decision of the United

States Court of Appeals for the Seventh Circuit in *Fulton County Employees Retirement System v. MGIC Investment Corporation*, 675 F.3d 1047 (7th Cir. 2012).  Resolution of this conflict is of critical importance in giving effect to the Supreme Court's limitation of misrepresentation liability in *Janus Capital Group v. First Derivative Traders*, 564 U.S. ___, 131 S. Ct. 2296 (2011).

    3. This Circuit's ruling that Appellants were "as much makers" of the misrepresentation as were their brokers is in direct conflict with the Seventh's Circuit *Fulton County* and the Supreme Court's ruling in *Janus*.  Both cases draw "clean lines" between "makers" of misrepresentations, who can be held primarily liable, and others, who can only be held secondarily liable.  As with all *implied* representations, the representation implied here by Appellants' late trading arose out of an *omission*, namely the *absence of speech* about when Appellants actually placed their orders with their brokers.  *Fulton County* makes it clear that omissions are not actionable absent a duty to speak.  But under SEC Rule 22c-1, any such duty to speak fell on the intermediate broker and the clearing broker, the parties obligated under the Rule to ensure that the trade is priced correctly.  Thus, any implied misrepresentation as to the time the orders were placed was made by the intermediate broker and the clearing broker, *not* by Appellants, who, as customers, could place orders with their broker at any time of the day or night.

4. This issue was briefed extensively and discussed at length at oral argument before this Circuit. Yet neither the district court nor this Court addressed the question whether a party with no duty to speak can actually "make" an implied misrepresentation under *Janus*. *Fulton County* squarely addresses this very issue. Under the Seventh Circuit's rationale in *Fulton County*, there is no way that Appellants could be found to be "as much makers" of the implied misrepresentation as were their brokers. This Circuit's ruling violates the "clean line" drawn in *Janus* between those "makers" who can be held primarily liable for misrepresentation and others, who can be held only secondarily liable.

5. The SEC attempts to minimize *Fulton County* by characterizing the Seventh Circuit's decision as one deciding liability for statements made by two separate actors, with no relationship to each other, or the listener. But the *Fulton County* decision is significantly more nuanced. It recognizes that the two actors in that case were business partners, and that a misrepresentation was made during an earnings call to investors where both partners were present and spoke. Citing *Janus*, the Seventh Circuit concluded that only the person with the affirmative duty to speak truthfully could be liable for that misrepresentation. 675 F.3d 1051-52. This particular aspect of the *Fulton County* decision is in direct conflict with this Circuit's decision affirming Appellants' liability under *Janus*.

3

6. The SEC's claim that "Appellants do not explain in what way [that this Court's precedents regarding disgorgement] are inconsistent with this Court's opinion" is not correct. Appellants' motion clearly explains this and offers pinpoint citations to the numerous precedents that Appellants rely on. As set forth at length in Appellants' rehearing petition, this Court misapplied two earlier decisions: *SEC v. AbsoluteFuture.com*, 393 F.3d 94 (2d Cir. 2004), and *SEC v. First Jersey Securities*, 101 F.3d 1450 (2d Cir. 1996), when it affirmed the district court's decision to impose joint and several liability in this case. This Court's disgorgement ruling is not only inconsistent with the Second Circuit's own jurisprudence, it is also at odds with the rulings of other circuits regarding the scope, purpose, and application of the disgorgement remedy and when joint and several liability is appropriate.

7. The requested stay would have no impact whatsoever on the SEC's discovery efforts in the collection action. Discovery has been open in that proceeding since March 28, 2012, and is ongoing. Indeed, the SEC has done very little to advance discovery in the collection action. The district court entered judgment against defendants on March 28, 2012. The SEC served post-judgment discovery requests on Appellants on June 7, 2012. Appellants timely answered those requests. More than one year later, on August 9, 2013, the SEC served a second set of post-judgment discovery requests. Those were also timely answered.

The SEC has not followed up on any of those requests with requests for clarification or requests for depositions.  Appellants are aware of no other collection efforts in the United States.

        8.       The SEC's arguments about PCM's bankruptcy are similarly much ado about nothing.  The SEC has already made a formal request to intervene in PCM's administration, and the English court has granted the SEC's request, so the stay sought here could not impact the request.  The SEC has known since June 28, 2012 that PCM has entered administration, but for whatever reason waited until September 5, 2013 to seek to intervene.  Even after the English court permitted the SEC to intervene (on October 7, 2013), the SEC has failed to file the necessary claim.

## CONCLUSION

For the reasons set forth above and in Appellants' motion, the Court should grant Appellants' request for a stay of the mandate for ninety days pending the filing of a petition for a writ of certiorari in the Supreme Court.

January 7, 2014                                 Respectfully submitted,

/s/ Ivan B. Knauer
Ivan B. Knauer
Matthew D. Foster
John C. Snodgrass
PEPPER HAMILTON LLP
Hamilton Square
600 14th Street N.W., Suite 500
Washington, DC 20005-2004

5

(202) 220-1200

*Counsel for Defendants-Appellants
Pentagon Capital Management PLC
and Lewis Chester*

CERTIFICATE OF SERVICE

      I certify that on the 7th day of January 2014, I caused the foregoing to be filed electronically with the Clerk of Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system, with the understanding that the following counsel for plaintiff-appellee United States Securities and Exchange Commission would be automatically served by CM/ECF:

    John W. Avery
    Senior Litigation Counsel
    United States Securities and Exchange Commission
    100 F Street, N.E.
    Washington, DC 20549

    Susan S. McDonald
    Senior Litigation Counsel
    United States Securities and Exchange Commission
    100 F Street, N.E.
    Washington, DC 20549

    Benjamin L. Schiffrin
    Senior Counsel
    United States Securities and Exchange Commission
    100 F Street, N.E.
    Washington, DC 20549

                                               /s/ Ivan B. Knauer
                                               *Counsel for Appellants*